# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JIMMY LADON GOLDEN, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Nurse ARNITA STEWART, *et al.*, | : | NO. 7:10-CV-99 (HL) |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **JIMMY LADON GOLDEN**, an inmate at the Colquitt County Jail ("CCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1]

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as will be directed later in this order and recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of CCJ.

---

[1] Plaintiff supplemented his complaint with a letter (Tab # 5) and exhibits (Tab # 6), both received by this Court on December 8, 2010. This Court has considered the additional information contained in plaintiff's exhibits. His allegations contained in the letter, however, relate to plaintiff being attacked by a fellow inmate on November 25, 2010, and his being denied medical care for his injuries in that attack. These claims do not arise out of the same transaction or occurrence as the claims raised in plaintiff's original complaint. The Court therefore will not allow joinder of these separate and new claims in this action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) ("[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees...."). Plaintiff may file a separate civil rights complaint relating to the November 25th assault and subsequent denial of medical treatment, if he so desires.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint which "seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also* ***Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act

or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff sues the following defendants: (1) Colquitt County Sheriff's Office; (2) Public Defender's Office; (3) Public Defender Kenneth Still; (4) Sheriff Al Whitington; (5) Captain Julius Cox; (6) Lieutenant Larry Byrd; (7) Corporal Hope Davis; (8) Nurse Arnita Stewart; (9) Nurse Cynthia E. McKurney.

Plaintiff alleges that on April 29, 2010, he was arrested after "being attacked at [his] home [in Colquitt County] by numerous assailants" and beaten with a pipe. The unspecified Colquitt County Sheriff's Deputies who arrested plaintiff thereafter took him to the CCJ, where he allegedly received no medical treatment despite having an open wound on his head and being able to "hardly walk."

The following morning, Colquitt County Sheriff Deputies turned plaintiff over to Tift County officers due to a probation violation in Tift County. Because of plaintiff's injuries, the Tift officials "didn't even book" plaintiff and instead transported him to a hospital. A doctor there ordered x-rays and a CT scan and advised plaintiff that he needed to see a primary physician within three to five

3

days. Before plaintiff was discharged from the hospital, a Colquitt County investigator re-arrested plaintiff and charged him with aggravated assault in connection with the April 29th attack.

Plaintiff complains at length about the allegedly deficient medical treatment he has received at the CCJ following his discharge from the hospital. The defendants responsible for this allegedly deficient medical care appear to be Nurses Arnita Stewart and Cynthia McKurney, and Lieutenant Larry Byrd and Corporal Hope Davis, with whom plaintiff filed numerous grievances.

According to plaintiff, he was not taken to a primary physician as recommended by the hospital doctor. In fact, it appears that plaintiff did not see a doctor again until the end of May. Plaintiff alleges that the defendants failed to heed subsequent advice that plaintiff receive follow-up physician visits. The defendants allegedly also failed to provide plaintiff with effective pain medication. As a result of the allegedly deficient medical care, plaintiff states that he has been in "severe pain," had difficulty walking, sleeping, and turning his neck, and suffered from "all kinds of problems."

Plaintiff additionally claims that his public defender, Kenneth Still, failed to take pictures of plaintiff's injuries during their first interview. Plaintiff suggests that Still failed to do so because he wanted to help Captain Julius Cox and others "suppress evidence about [plaintiff's] wounds" so that plaintiff "can't use self-defense as [his] defense in court."

Finally, plaintiff states that he was falsely arrested and imprisoned in order to protect plaintiff's attackers, who are "personal relations" of Captain Cox, rather than based upon probable cause.

Plaintiff files this action seeking, *inter alia*, damages.

### III. DISCUSSION

#### A. *Dismissed Defendants*

### 1. Non-Suable Entities

Two of plaintiff's defendants, the Colquitt County Sheriff's Office and the Public Defender's Officer, are not suable entities. *See e.g., Johnson v. Georgia*, 2007 WL 2594177 (M.D. Ga. Sept. 5, 2007 (public defender's office not a "person" under section 1983); ***Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); therefore, no action can be maintained against these defendants under section 1983 and **DISMISSAL** is appropriate prior to ordering service upon said defendants. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served a copy of this order.

### 2. Kenneth Still

As stated above, to be liable in a section 1983 action, the defendant must act "under color of state law." In his capacity as plaintiff's public defender, Still was not acting "under color of state law" for purposes of section 1983. ***See Polk County v. Dodson***, 454 U.S. 312, 318-19 (1981) (in representing a criminal defendant, a public defender is not a state actor); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985).

An attorney may be sued under section 1983, however, if he conspired with someone who did act under color of state law. *Id.* In the present case, plaintiff alleges such a conspiracy involving Still, Captain Julius Cox, and others.

Plaintiff's allegation of a conspiracy is conclusory, in that he provides no specific factual allegations supporting the existence of a conspiracy. A defendant must be informed of the nature of the conspiracy which is alleged. It is not enough simply to allege in the complaint that a conspiracy

5

existed. ***Fullman v. Graddick***, 739 F.2d 553 (11th Cir. 1984). Thus, plaintiff has not alleged a valid conspiracy claim against Still - or any of the other named defendants.

Moreover, one of the exhibits provided by plaintiff dispels any notion that Still conspired against plaintiff (Tab # 6, p. 4). Still actually filed an Open Records request with the Tift County Sheriff's Office seeking the video recording of plaintiff's interview in order to substantiate plaintiff's injuries.

In light of the foregoing, it is **RECOMMENDED** that Public Defender Kenneth Still be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### *3. Sheriff Al Whitington*

Plaintiff makes no factual allegations against Sheriff Al Whitington. It is possible that plaintiff believes that he is liable in his capacity as a supervisor. Supervisors are not responsible for the actions of subordinates under section 1983. Instead, a supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)). Because plaintiff has not alleged any of the above prerequisites for supervisory liability, it is **RECOMMENDED** that Sheriff Al Whitington be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN**

**FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B. Remaining Defendants

Construing the complaint liberally in favor of plaintiff, the Court concludes that plaintiff has pleaded sufficient facts to withstand the frivolity review of his claims against defendants Nurses Arnita Stewart and Cynthia McKurney, Lieutenant Larry Byrd, Corporal Hope Davis, and Captain Julius Cox.

Accordingly, it is hereby **ORDERED** that service be made against defendants Nurse Arnita Stewart, Nurse Cynthia McKurney, Lieutenant Larry Byrd, Corporal Hope Davis, and Captain Julius Cox, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendants (whichever comes first) unless an extension is otherwise granted by the court upon a

showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county

wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to

conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 11th day of February, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr